(Decided Oct. 28th, 1863.)

---

JERRY WALKER *vs.* STEPHEN STONE, et al.

MORTGAGE, ASSIGNMENT AND EXTINGUISHMENT OF.—B transferred to A by way of mortgage his interest in the furniture and effects of a hotel establishment owned and conducted by him, subject however to four prior mortgages to secure debts to a large amount. Three of said mortgages contained powers to the mortgagees to sell on default, upon such terms as they might think proper. All of said mortgages being forfeited, the mortgagees sold and transferred the said furniture and effects to A by separate bills of sale. The mortgage from B to A being also forfeited, A under a power contained in his mortgage, and to foreclose the same, advertised and sold said furniture and effects for a sum less than one-half the amount secured by the four first mentioned mortgages. C the holder of a mortgage of the same furniture and effects, prior in date to that of A, but subsequent to that of the four first mentioned mortgages, filed his bill in equity for an injunction to arrest the proceeds of said sale in the hands of A, and praying that the same should be applied as far as necessary to the payment of his mortgage debt. HELD:

1st. That although the sales made to A by the several mortgagees were irregular, and not such as effectually to foreclose their mortgages, they had the effect of transferring to him their respective mortgage claims.

2nd. That the payment by A of the moneys, in consideration of which the several mortgagees executed to him the respective bills of sale, by no means extinguished the mortgages.

3rd. That a payment made to a mortgagee by a third party, who is under no obligation by contract to pay the mortgage debt, will not operate as a satisfaction of it, unless it be manifestly the intention or interest of the party making the payment, that it should so operate.

APPEAL from the Circuit Court for Baltimore City:

This is an appeal from an order of the Circuit Court for Baltimore City, dissolving an injunction granted by that

Court upon the bill of complaint of the appellant, filed on the 31st of October 1862. The opinion of the Court below (KREBS, J.) will be found to contain a full statement of the pleadings and evidence in the cause and the questions arising therefrom:

"The relief prayed by the complainant in the bill filed in this case, is, that the Court will decree the proceeds of the sale lately made, of the furniture and effects of the Gilmor House, or so much thereof as may be necessary to be applied to the payment of his mortgage claim set up in the proceedings. This claim is made under a transfer by way of mortgage executed to him by the defendant Smith, of his interest in the furniture and effects of the said hotel establishment, then owned and conducted by him; subject, however, to four previous mortgages to secure debts amounting altogether to nearly forty thousand dollars.

"Three of these mortgages contain express grants of power to the mortgagees to sell the property mortgaged, upon default, on such terms as they may think proper, either at public or private sale. These mortgages being all forfeited, the mortgagees at private sale sold and transferred all the furniture and effects above mentioned, to the defendant Stone, by separate bills of sale, in which they respectively recited, that they had taken possession of the property and so sold it in pursuance of power and authority given to them respectively, in said mortgages. Stone having determined to close the establishment, advertised in three daily papers published in this city, a sale of the furniture and effects, to take place in ten days after the first advertisement. The sale was made, and yielded about $14,805.72.

"The complainant claims the right to have the sum of $5834.42, part of the proceeds of sale applied to the satisfaction of his mortgage. This right is claimed upon the ground, that the transaction between these several mortgagees and Stone, was a satisfaction and payment by him of their mortgage claims, and not a purchase or assign-

ment by which he acquired their right as mortgagees or obtained a title to the property; and the complainant therefore insists, that there is now no obstacle to the satisfaction of his mortgage debt out of these sales, though they have not amounted to one half of the sum of the several mortgages that were prior to his. In his mortgage of this property it is expressly declared, that he is to have and to hold it, 'subject, nevertheless to the legal and equitable effect of the mortgages heretofore executed and recorded, upon the said goods and chattels.' These mortgages include the four above referred to. Conceding that the sales made to Stone by these several mortgagees were irregular, and not made in such a manner as effectually to foreclose their mortgages, yet there can be no doubt that they had the effect of transferring to him their respective mortgage claims. In *Hilliard on Mortgages, vol.* 1, page 338, the author says: 'Although a sale made by a mortgagee is irregular, his deed operates as an assignment of the mortgage;' and in *Olmsted vs. Elder*, 2 *Sandf. Sup. Ct. Rep.*, 325, the Court says: 'The deed was sufficient at least to transfer to the defendant the money due on the mortgage. The interest on the mortgage was in arrear, and the mortgagees were entitled to foreclose. The defendant occupies the position of a mortgagee in possession of the premises mortgaged, the money secured being due and unpaid.'

"I am of opinion that this was the position in which Stone stood, when he gave the public notice of the sale of his property in the newspapers of this city. He is to be regarded by a Court of Equity as the assignee of these mortgages, and the parties who had the right to redeem, having been for a long time in default, he was entitled upon such notice as he gave, to sell the property and to apply the proceeds to the satisfaction of the sums of money to secure which their mortgages had been given, for which purpose it was altogether insufficient. And further, I am of opinion that these transaction between Stone and these mortgagees had no such effect as is ascribed to

them by the solicitor for the complainant. The payment by him of the moneys for which they executed these bills of sale by no means extinguished the mortgages. It is clearly settled in numerous cases that a payment made to a mortgagee by a third party, who is under no obligation by contract to pay the debts, will not operate as a satisfaction of it, unless it be manifestly the intention or interest of the party making the payment, that it should so operate. In *Hilliard on Mortgages*, 1 *vol.* 337, it is said the 'enquiry usually answered in this class of cases is whether a transaction shall operate as an assignment or a discharge of the mortgage, and that the intention or interest of the party will control the literal import of the word used.' In *McGiven vs. Wheelock*, 7 *Barb.*, 29, the Court say: 'Equity will sometimes keep alive a mortgage which has been substantially satisfied, but it is always for the advancement of justice.' In *Brown vs. Topham*, 3 *Cushing*, 554, 555, Chief Justice Shaw says: 'Whether a given transaction shall be held in legal effect to operate as a payment and discharge, which extinguishes the mortgage, or as an assignment which preserves and keeps it on foot, does not so much depend upon the form of the word used, as upon the relation subsisting between the parties advancing the money and the party executing the transfer and release, and their relative duties. If the money advanced is by one whose duty it is by contract or otherwise, to pay and cancel the mortgage, it shall be held to be a release and not an assignment; when no such controlling obligation or duty exists, such an assignment, shall be held to constitute an extinguishment or an assignment according to the intent of the parties, and their respective interests on the subject will have a strong bearing on the question of such intent.' *Freeman vs. McGaw*, 15 *Pick*, 82. *Howard vs. Agry*, 9 *Mass.*, 179. Now it cannot be supposed that Stone, in taking a bill of sale of this furniture and effects from these mortgagees, and paying to them respectively the sums mentioned thereon as the consideration thereof,

Walker vs. Stone, et al.

intended to pay off and extinguish the prior mortgages and thus let in that of the complainant. Nothing could have been more foreign from his purpose. He intended to conduct this establishment, and deemed it necessary to become the owner of the furniture and effects in the building, and therefore paid to these mortgagees such sums as they required for the transfer of these effects, taking care that the claims of these several mortgagees should exceed the amount for which the property would sell, under any circumstances. He could have had no intention to place himself in a situation to be compelled to pay the complainant's mortgage, and nothing could have been more opposed to his interest, than the necessity imposed upon him to do so. I must therefore refuse the relief prayed by complainant, and will pass an order accordingly.''

In pursuance of the foregoing opinion an order was passed on the 11th of February 1862, by the said Circuit Court dissolving the injunction before granted in the case; from which order the complainant appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Philip C. Friese,* for the appellant :

1. This is a proper case for an injunction, in order to prevent a multiplicity of suits against the purchasers of single articles at Stone's auction sale. *Hyde, et al., vs. Ellery, et al.,* 18 *Md. Rep.,* 496. *Lucas, et al., vs. McBlair, et al.,* 12 *Md. Rep.,* 12

2. If Stone's property was commingled by him with the property mortgaged to Walker, and was not separated by Stone at his sale, Walker's rights are not thereby affected. *Chappel, et al., vs. Cox,* 18 *Md. Rep.,* 513. *Hamilton & Robinson vs. Rogers,* 8 *Md. Rep.,* 301.

3. The answer of the appellee does not expressly deny the material allegations of the bill, that after the mortgage to the appellant was executed, the appellee became

the owner of the property mortgaged thereby, and after-wards extinguished the mortgages prior to the appellant's, and these allegations must therefore be taken as true, with their legal consequences. *Alexander's Practice.*

4. The statements of fact in the answer responsive to the material allegations of the bill, are contradictory, inconsistent and mutually destructive of each other. Hence, the answer is nugatory as proof to controvert the bill, and the bill must stand, for truth is consistent. *Starkie on Evidence.*

5. In the absence of statutory regulations on the subject, a sale under a power in a mortgage does not affect any mortgagee or judgment creditor whose lien accrued prior to the sale. The only proper course by which Stone could have got a clear title to the property in the "Gilmor House," was by a bill in equity making all the incumbrancers parties. 4 *Kent Com.*, 190.

6. The bill of sale from Gilmor to Stone, marked S.S.S., No. 10, dated December 13th, A. D. 1856, must yield to the appellant's mortgage, which is dated March 28th, A. D. 1856, and duly recorded. *Act of 1825,* ch. 203.

7. The four bills of sale mentioned in the answer of Stone, and marked S.S.S., No. 6, S.S.S., 7, S.S.S., No. 8, and S. S.S., No. 9, cannot be construed in a Court of Equity as evidences of the sale of the property embraced in them. 1 *Hill on Mort.*, 19. *Longwith vs. Butler*, 3 *Ill. Rep.*, 32. *Bronson vs. Kinzie*, 1 *How* 321. Act 1825, ch. 203.

8. The said four bills of sale cannot be construed in a Court of Equity as assignments of mortgage. A mortgagee in possession is a steward of the mortgagor. If the mortgagee himself occupies the mortgaged property he is accountable for the utmost value the property would have produced as rent.

9. The only equitable construction which can be given to these papers, is to consider them as extinguishing the mortgages to which they refer. 1 *Hill on Mort.*, 337.

10. In any one of these views, the prior mortgages be-

ing extinguished, the appellant's right to claim the payment of his mortgage by Stone out of the fund enjoined, which represents the residue of the mortgaged property not used up by Stone, is perfect. 2 *Black. Com.*, 420.

*St. G. W. Teackle,* for the appellee, contended:

That there was no error in the Court below in dissolving the injunction in this case.

1st. Because the appellee, Stone, was entitled, as purchaser, upon the proof in the cause, to the property, part of the proceeds of which was enjoined in this case, and is therefore entitled to the part of said proceeds so enjoined.

2d. That the appellee, Stone, is entitled as the assignee of the first four mortgages of the furniture of the Gilmor House to the property embraced in said four mortgages, to the extent of the principal and interest secured by said first four mortgages; and the whole proceeds of sale of said mortgaged property being grossly inadequate to pay said principal and interest, the appellant can have no relief in this case.

3d. That if the sales of the property embraced in the first four mortgages, and the assignments of said property and mortgages were not valid and sufficient as foreclosures of said mortgages and sales of the property therein mentioned, to Stone, the appellee, yet that said assignments were valid and sufficient to transfer to him all of the debts designed to be secured by said first four mortgages; and the proceeds of the sales of said mortgaged property being grossly insufficient to pay the same, the complainant holding a mortgage subsequent in its execution to said first four mortgages, is entitled to no relief in this case.

4th. That by the terms of the complainant's mortgage, he is entitled to no part of the mortgaged property, nor of the proceeds of sale thereof, until all four of the first four mortgages aforesaid are paid and satisfied. 1 *Hilliard on Mort.*, 338. *Olmstead vs. Elder*, 2 *Sanfd. Sup. Ct. Rep.*, 325. 1 *Hilliard on Mort.*, 337. *McGiven vs. Wheelock*, 7

*Barb.*, 29.   *Brown vs. Topham*, 3 *Cush.*, 554, 555.   *Free-man, vs. McGlur*, 15 *Pick.*, 82.   *Howard vs. Agry*, 9 *Mass.*, 179.

By the Court :

After a careful investigation of the proceedings in this cause, we concur in the views taken by the judge of the Circuit Court, and, for the reasons assigned in the opinion delivered by him, sustained by the authorities therein cited, the order of the 11th day of February 1863, dissolving the injunction, will be affirmed.

> *Order affirmed with cost to appellees*
> *in this Court, and cause remanded*
> *for further proceedings.*

(Decided Oct. 28th, 1863.)