(Decided 2nd June, 1880.)

WOODBURY WHEELER and CLARA, his Wife *vs.* MURRAY ADDISON, Administrator d. b. n. c. t. a., and others.

*When State and County Taxes are due and in arrear—Act of 1874, ch. 483, secs. 63 and 66—Obligation of the Life-tenant to keep down the Interest on a charge on an Estate which he enjoys for life—Value of estate as Basis of settlement.*

Certain real estate having been sold on the 14th of September, 1877, under a decree in equity, the State and county taxes for the year 1877, on said estate paid by the trustees out of the proceeds of sale, were disallowed on exceptions thereto by parties in interest, because said taxes were not due and in arrear until the first of January, 1878.   (Act of 1874, ch. 483, secs. 63 and 66.)

A testator by his will executed on the 9th of December, 1854, devised in fee-simple to his brother and his two sisters his farm called "Cole Brooke," equally, share and share alike; but his sister, Mrs. Bayne, was not to derive any benefit therefrom during the life-time of his wife—the share in said farm so devised to her, to be equally enjoyed, share and share ,alike, by his brother and other sister, during the life-time of his wife.   The testator devised to his wife absolutely, in lieu of her dower in his lands, and all her rights as widow in his estate, $5000, to be paid to her within two years, with ten per cent. interest thereon, from the date of his death.   On the 20th of August, 1870, the interest of Mrs. Bayne under the will was transferred to Woodbury Wheeler, in trust for his wife.   On

the 29th of December following, Wheeler and wife filed their bill of complaint for an account and settlement of the personal estate of the testator, and to have the real estate sold, if decreed to be liable for debts and legacies, and the proceeds invested for the protection of the estate thereafter to vest in the complainants. The legacy bequeathed to the wife was not paid. A decree was passed for the sale of " Cole Brooke," and the same was sold by trustees who reported the sale to the Court. The case was referred to the auditor with directions to state an account upon principles set out in the opinion of the Court. On exceptions taken by Wheeler and wife to certain of the accounts, it was HELD:

1st. That there was error in so stating the accounts, awarding the sums to be contributed respectively, by the legatees and devisees towards the payment of the debt due the widow, in such manner as to exhaust, within a few dollars, the exceptants' share of the real estate, by charging Mrs. Bayne with interest on her share of the debt to the widow, from the expiration of the two years, when, by the terms of the will, it was to be paid, instead of charging the interest on her share of the debt to the life-tenants of her interest in the land, during the life of the widow.

2nd. That the value of the estate at the time of the payment, should be the basis of the settlement.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The bill in this cause was filed by the present appellants on the 29th of December, 1870, for the purpose of obtaining an account of the personal estate of James L. Addison, who died in March, 1865, and its application, after the payments of the debts, to the payment especially of a legacy of $5000, left by said will to his widow, M. Elizabeth Addison, in exoneration of any charge in respect to said legacy on a farm called " Cole Brooke," devised by said will to other persons, and for the sale of said farm, should it be held liable for the payment of debts and legacies, and that the proceeds might be invested for the protection of the interests of the complainants in said farm. By the second clause of said will, the testator left

to his widow, the said M. Elizabeth Addison, in lieu of her dower and rights as widow in all his estate, the sum of $5000, with interest thereon at the rate of ten per cent., to be paid to her within two years. By the first clause of the will, the testator devised to his brother Anthony, and to his sisters, Margaretta Addison and Harriet M. Bayne, his farm, called "Cole Brooke," in fee, in equal portions, but his sister Harriet was not to derive any benefit from said estate during the life-time of the wife of the testator. Directly after the death of the testator, letters testamentary on his estate were granted to Anthony Addison, who was named sole executor in said will, and he and his sister, Margaretta Addison, entered into the possession of the said estate, called "Cole Brooke," and into the receipts and enjoyment of the rents and profits of the same. Harriet M. Bayne afterwards, on the 20th of August, 1870, for valuable consideration, conveyed all of her interest in the said farm "Cole Brooke," to the complainants, Wheeler and wife. The executor died before the settlement of the personal estate, and before he passed any account therein; he had caused, however, an account to be prepared for the Orphans' Court, accompanied by the vouchers, properly proved before his decease. After the death of the executor, letters of administration *d. b. n. c. t. a.*, were granted to Murray Addison, who then took possession of said personal estate, and the farm, "Cole Brooke," passed into the possession of the children of said executor, of whom Murray Addison was one, and was held by them jointly with Margaretta Addison, up to the time of its sale under a decree in this cause. Much proof was taken by the various parties in interest, and a number of accounts were prepared and filed by the auditor of the Court, to which exceptions were filed by the complainants.

An account was afterwards prepared by the auditor under instructions from the solicitors of the defendants.

After a hearing the Court passed its decree. From this decree the complainants (the present appellants) appealed as did also the defendants, and on the hearing of said appeals this Court reversed the decree and remanded the cause. (See 44 *Md.*, 184, &c.) Further proceedings were then had in conformity with that decision, and a decree was passed for an account of the personal estate, and the sale of the real estate, called " Cole Brooke," and the same was sold and the auditor was directed to state accounts distributing said estates. He accordingly filed four accounts and a statement.

To these accounts and statement the complainants filed exceptions, and on the 30th of January, 1879, the Court, (MAGRUDER, J.,) passed an order overruling these exceptions, and ratifying the said accounts. From this order the present appeal is prosecuted.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*Frank H. Stockett* and *C. C. Magruder*, for the appellants.

*William H. Tuck*, for the appellees.

IRVING, J., delivered the opinion of the Court.

The will of James L. Addison, which gives rise to this litigation, is set out in full in *Wheeler and Wife vs. Addison, et al.,* and *Addison, Adm'r vs. Addison,* 44 *Md.*, 194. The opinion of the Court in that case was intended to be sufficiently explicit to secure a proper adjustment of the equities between the parties, and had it been properly understood, this second appeal would have been avoided. In the former appeal the Court held, that Mrs. Addison, by the acceptance of the legacy of five thousand dollars, in lieu of all other rights in the estate of her husband, became a *quasi* creditor of her husband's estate, and her

claim was a charge on both real and personal estate alike, and that the two estates must contribute *pro rata* to the discharge of that claim.

The decree of the Circuit Court was reversed because it had adopted the principle that the personal estate was first to be exhausted as the primary fund for its payment, before resort to the realty.

In *this case*, the Court thought that equity required the application of a different rule. The Court said, " The real and personal estate being both specifically devised in this case, they should be made to contribute *pro rata*, according to their *respective values*. No other rule would gratify the intention of the testator, or do more substantial justice between the parties."

If there were no will, or by renouncing the will, the widow would have had a claim as widow on each estate; therefore, each estate was made to contribute to the payment of the legacy given her in discharge of all her rights in the estate. The necessary effect of that decision is to make the several legatees and devisees, abate according to the "*respective values*" of the legacies or estates which they respectively take under the will. The testator has not said that the legatees and devisees should pay this legacy, as the will did say in *Crawford vs. Severson*, 5 *Gill*, 443 ; but the condition of the estate proving to be such, that the legacy to the widow cannot be paid without disappointing some legatee or devisee in whole or in part, the Court has imputed an intention to the testator to charge the beneficiaries ratably with its payment, according to their respective interests in the estate, so that accepting the bounty given therein, they are made personally liable for this debt to the extent of the value of the property received, at least; and the debt is made a lien on the property they take for its payment, and in default of payment, this Court directed the estate to be sold and payment to be made accordingly. The appellants have

renewed their exceptions made on the former appeal to the administration accounts, and to sundry allowances made therein, by the improper allowance of which they contend that the net amount of the personal estate is not as large as it should be. They have also excepted to the accounts stated by the auditor since the case was remanded, because certain taxes have been, as they charge, erroneously allowed against the real estate, before distribution thereof, which they insist were not chargeable against the proceeds of sale of the real estate, but were payable by the tenant for the life of the widow, or by the purchaser of the real estate. They further except because the accounts have been so stated as to charge Mrs. Bayne, who under the will, takes no interest in the real estate till the widow's death, with interest on her share of the widow's claim, which interest, they contend, must be paid by the tenants of her share for the life of the widow. In the former appeal, this Court did not pass upon the exceptions specifically made to the account by which the amount of personal estate after payment of debts and charges against it was ascertained, so that if we could find the exceptions well taken, we see no reason why we might not consider them now. For the purpose of settling the amount of the personal estate liable for the charge in this case, we think the several claims excepted to, are sufficiently established to be allowed by a Court of Equity. In account L, whereby the net amount of the real estate, after deducting commissions and other proper charges, is ascertained, allowance No. 19 for State and County taxes for 1877, being $113.21, was improperly made. The sale was made on September 14th, 1877, and the taxes were not then due, and in arrear for the year 1877. Sec. 63 of the Act of 1874, ch. 483, reads thus, "whenever a sale of either real or personal property shall be made by any ministerial officer under judicial process or otherwise, all sums *due and in arrear* for taxes from the party whose

property is to be sold, shall be first paid and satisfied, and the officer or person selling shall pay the same to the collector of the county or city, if any, or to the treasurer if there be no collector; " and the sixty-sixth section of the same Article, declares that " taxes shall be considered in arrear on the first day of January next, succeeding the date of their levy, and shall bear interest from that date at the rate of six per centum per annum." Accord-ing to the express language of the statute, taxes are not to be regarded as in arrear till the first day of January after the levy made. These taxes are expressly named as being for 1877. They were therefore not in arrear till the first of January, 1878, and by the terms of the law, the trustee was not bound to pay them.

It may be true, and no doubt is, that the lien on the land for the taxes fastened from the time of the levy, but still they did not become in arrear for the purpose of charging the trustee as payable from the funds realized by his sale in this case, because the statute made them due and in arrear on the first day of January succeeding the sale. This view was adopted by the Circuit Court for Anne Arundel County, in a full and exhaustive opinion in the case of *Drury and Wife vs. Briscoe and Randall, Trustees,* reported in 42 *Md.,* 154.

There was no appeal from that part of the opinion and decree of the Court, and this Court did not pass thereon, but the correctness of that view was acquiesced in, and regarded as a sound interpretation of the statute. Where there is no express reservation of the rents falling due after the sale, the purchaser gets them. Taking the property with its rents he takes it also subject to the taxes falling due and in arrear after his purchase, unless there be express stipulation to the contrary. As was said by the Court in the case referred to, we do not mean to say, " there may not be cases in which a trustee, whether appointed by the Court or by a private instrument of

writing, may not on equitable principles, be justly required to pay a part or the whole of the taxes which may have been levied before the sale and not due before the first day of January, succeeding the levy." We only mean to say that under the circumstances of this case, as we have them before us, the allowance excepted to was erroneously made. Nor do we mean to decide, as between the tenant for life and purchaser, definitely, who ought to have paid them ; for, for aught that we know, there may have been arrangements by which the former, whose duty it ordinarily is to pay the taxes on the estate he enjoys for life, was to pay to the exemption of the purchaser.

We think there was error also, as claimed by the appellants, in so stating the accounts as to exhaust the appellants' share of the real estate, within a few dollars, by charging Mrs. Bayne with interest on her share of this debt from the expiration of the two years, when it was to be paid, by the terms of the will, instead of charging the interest on her share of the debt to the life tenants of her interest in the land, during the life of the widow. Ordinarily the tenant for life is bound to keep down the interest on any charge on the estate which he enjoys for life.

This doctrine is unequivocally recognized in *Barnum's Case,* 42 *Md.,* 321, and the counsel for the appellees admits the correctness of the principle, but insists that this is not a case for its application, and was not intended to be applied by the decision in this case on the former appeal. We see no possible reason for making this an exception to the rule, and the former decision contemplates no such exception. The several legatees and devisees were by that decision charged with the payment of that debt of Mrs. Addison, proportionately according to the respective values of the property received and enjoyed by each. There is no reason or equity in allowing an estate for the life of the widow to be carved out of the land and enjoyed by the devisees thereof, exempted from any abatement or

loss by reason of the charge resting on the whole property. On the contrary, it would be grossly inequitable and unreasonable to permit such a thing to be done. There is no more reason for supposing that the testator intended to exempt that devise to these tenants for the life of Mrs. Addison, from contributing to her legacy or debt, to some extent, than the personal estate left to them, or the one-third each in fee in the real estate. The estate *pour autre vie,* is a part of the estate which is encumbered, and must contribute towards the burden in the usual way adopted as equitable, namely by paying the interest on the charge so far as the charge rests on the estate enjoyed for the term.

If instead of giving the third in the real estate, (which was devised to Mrs. Bayne,) to her brother Anthony and sister Margaretta during the life of Mrs. Addison, suppose the term estate had been given to another person, say Wm. Meade Addison, would there be any doubt he ought to be charged with the interest on the one-third of the real estate, and called in the proceedings Bayne's proportion, during the period of his enjoyment of it, to her exclusion? Suppose during the life of the widow, the interests of Anthony and Margaretta in the land had also been given to some other persons, could or would a Court of Equity have allowed these several tenants for the life of the widow, who might live for fifty years, to hold these several estates *pour autre vie* acquit of any contribution towards the payment of the charge on the *whole estate ;* and pending their tenancy would the Court have charged the devisees of the ultimate fee with the interest accruing on the debt or charge? There can be but one answer. It could not and would not, because it is the *whole estate* which is charged, and the takers must bear the burden according to their respective interests. Instead of bearing a part of the principal, equity lets a life tenant off with the interest and taxes only, during his term, which

is contingent as to duration, and may be very short. Not to charge the tenants for the life of the widow, with Mrs. Bayne's share of the interest on the debt, because by the will she has a right to one-third of the land under the will at the death of the widow, would be grossly inequitable ; for it would be holding her to the payment of a larger share than the others, and not a *pro rata* share according to the "*values*" of the estates devised to them respectively, as was decided to be the rule in the former case. The *present value*, at the time of the payment, must be the basis of the settlement. The present value of an estate in immediate enjoyment, and of one to be enjoyed in *futuro* is widely different. The widow might live fifty years, and meanwhile, on the basis of the action in the Court below, Mrs. Bayne's interest would not only be wholly consumed, but an immense indebtedness incurred by reason of it. If instead of only nineteen dollars of her interest being left, there had been a hundred dollars or more of interest in excess due on the theory on which these accounts are stated, would she have it to pay ? · If not, who is to pay it? The widow must be paid. If Anthony and Margaretta are to pay it, then it must· be for the reason that they are enjoying the life estate, for their estates in fee have paid their quota. If for that reason it would fall on them, it demonstrates that their particular estate is chargeable, and if chargeable it must be charged according to the rule ordinarily applied to such case.

The net amount of real estate already found by the accounts in the hands of the trustees should be again ascertained by excluding the account for taxes on which we have already passed, and this sum should be divided into three parts, to represent the interests of the three devisees, Anthony, Margaretta and Mrs. Bayne. The proportion of the real estate's contribution to the debt should be again computed by the same rule which has

already been adopted. This should be again divided into three parts to represent the three devisees. From Mrs. Bayne's share of the net proceeds of sale of the real estate should then be deducted her contribution to the principal of the debt. The remainder will form the amount which should be invested for the use of Anthony and Margaretta during the life of the widow, Mrs. Addison, and that they may receive the interest thereof, and the principal at the death of Mrs. Addison should go to the appellants, the assignees of Mrs. Bayne's interest. Mrs. Addison's claim should then be paid, principal and interest, by this contribution from Mrs. Bayne's interest in the real estate, and by Anthony and Margaretta from any funds belonging to them under the control of the Court. The several accounts of the auditor, and the order of the Court ratifying his report, being in error, the order is reversed and the cause is remanded to the end that a new account may be stated in accordance with the views herein expressed.

*Order reversed with costs,*
*and cause remanded.*

