David R. Condon *vs.* Dennis H. Maynard, assignee of Jeremiah Baile.

*Sections* 129, 130 *of Article* 7 *of the Code of Public Local Laws, relating to Taxes in Carroll County—When Taxes are Legally demandable—Sale under Power in a Mortgage—Inadequacy of Price.*

Under sec. 129 of Article 7 of the Code of Public Local Laws relating to Carroll County, taxes become due and in arrear "on the first day of January next succeeding the date of their levy." And sec. 130 of said Article provides that where taxes are in arrear, "and the collector shall find it necessary to enforce the collection thereof, he shall first leave with the party by whom the taxes are to be paid," a notice warning the delinquent that, unless they are paid within thirty days, the collector "will proceed to collect the same according to law." A mortgage of land in Carroll County contained a covenant to pay the taxes on the mortgaged property "when legally demandable," and the usual provision for a foreclosure "in case of default being made in paying the mortgage debt, or in performing any agreement, covenant or condition" of the mortgage. Held:

1st. That taxes on the mortgaged property were "legally demandable" within the meaning of said covenant, as soon as they became due and in arrear, which was on the first day of January next after their levy.

2nd. That proceedings for foreclosure for the non-payment of taxes so due and in arrear, were properly instituted although no notice, as provided in section 130 of said Article, had been given by the collector.

3rd. That although payment of said taxes could not have been enforced by legal process unless the notice had first been given, they were none the less due and in arrear, and therefore legally demandable at the time when said proceedings were instituted.

Mere inadequacy of price is not a sufficient ground for setting aside a mortgage sale, unless it be so gross as to indicate want of reasonable judgment and discretion, or misconduct and fraud in the mortgagee, or some mistake or unfairness for which the purchaser is responsible.

Condon *vs.* Maynard.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, and McSHERRY, J.

*William S. Bryan, Jr.,* and *George M. Pearce,* for the appellant.

*James A. C. Bond,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

David R. Condon being indebted to Jeremiah Baile in the sum of $5000 executed to the latter on April the first, 1884, a mortgage upon real estate lying in Carroll County, to secure the payment of that indebtedness. The debt is evidenced by a promissory note bearing the same date and payable in five years thereafter. The mortgage contains the following clause: "And it is agreed that until default be made in the premises, the said David R. Condon may hold and possess the aforesaid property upon paying in the meantime all taxes on said property, and on the mortgage debt and interest hereby intended to be secured; which taxes, mortgage debt and interest thereon, the said David R. Condon hereby covenants to pay when legally demandable." It was further provided, that in case of default being made in paying the mortgage debt or in performing "any agreement, covenant or condition" of the mortgage, then the entire debt should become due and demandable, and that Jeremiah Baile, "his heirs, executors, administrators, and assigns" should be at liberty to sell the mortgaged property after giving at least twenty days notice of the time, place, manner and terms of sale, in

some newspaper published in Carroll County. Besides
the mortgage in question, there were two others of later
date on the property,—one held by Levi Z. Condon, an
uncle of the mortgagor, and the other by William B.
Thomas,—and there were in addition several judgments
against the mortgagor, which were likewise liens on the
same property. On the first day of February, 1889,
Baile assigned the mortgage and note held by him to
Dennis H. Maynard. At that time Condon "was in
arrears with the taxes due on said mortgaged property
for the years 1887 and 1888." Under *Art.* 66, of the
Code, Maynard filed a bond, on February 8th, 1889, in
the Circuit Court for Carroll County, and then adver-
tised the property for sale at public auction, to be held
at the Court house on March the fourth following. The
advertisement was inserted in two newspapers published
in Carroll County, and handbills were extensively circu-
lated. On the day appointed the sale took place inside
of the Court house, because of the rain which was fall-
ing without. There were from fifteen to twenty persons
present, including the second and third mortgagees, and
after the auctioneer had cried the sale from thirty
to sixty minutes, the property was knocked down to
Maynard, the assignee of the mortgage, at his bid of
$5,773.96. The sale was reported to the Court; where-
upon Condon, the mortgagor, filed exceptions to its rati-
fication. Testimony was taken, and the Circuit Court,
upon considering the exceptions and evidence, overruled
the exceptions and ratified the sale. From that order
this appeal was taken by Condon.

The exceptions are six in number, though in reality
they involve but two grounds of objection. These are,
first, that the mortgagor was not in default upon any
agreement, covenant or condition of the mortgage when
these proceedings were instituted; and, secondly, that
the price for which the property sold was greatly inade-
quate.

It is not pretended that any default had been made by Condon unless the non-payment of the taxes for the years named be a default, under the terms of the mortgage. Whilst it is conceded that Condon "was in arrear with the taxes due" for 1887 and 1888, when these proceedings were commenced, it is insisted that those taxes were not, in the language of the mortgage, "legally demandable," at that time. Thus the gist of the first exception is that there is, in this case, a substantial difference between taxes which are due and in arrear, and taxes which are legally demandable,—that whilst they are not legally demandable until due, they may be due and in arrear and not be legally demandable. Taxes may be paid immediately after they have been levied, and from that time the Statute of Limitations begins to run. *Code, Art.* 81, *sec.* 83. They do not, however, become due and in arrear until the first day of January, next after the date of the levy. *Code, Art.* 81, *sec.* 67; *Local Code, Art.* 7, *sec.* 129; *Wheeler, et ux. vs. Addison,* 54 *Md.,* 41. They bear interest from that date. Ordinarily a debt may be said to be legally demandable when it is due, and as the taxes for 1887 were certainly due, and in arrear on January the first, 1888, and as the taxes for 1888 were due and in arrear on January the first, 1889, they were for both years due and in arrear on February the eighth, 1889, and were, therefore, legally demandable long before these proceedings were inaugurated, unless some local law of Carroll County makes a different or an inconsistent provision.

By sec. 130 of Art. 7 of the Code of Public Local Laws it is enacted, in substance, that where State and county taxes are in arrear,—that is, according to *sec.* 129, unpaid on January the first next after their levy,— "and the collector shall find it necessary to enforce the collection thereof," he shall first leave with the party by whom the taxes are due a notice warning the delin-

quent that, unless they are paid in thirty days, the collector "will proceed to collect the same according to law." Now, it is argued that as the collector could not *enforce* the payment of the taxes for 1887 and 1888 until he had first given the notice referred to, and as no such notice had, in fact, been given, the taxes, though long over-due and in arrear, were not legally demandable, and that, therefore, there was no default in this particular. We do not so understand the statute. The object of the law was to protect the tax-payer who fails to pay his taxes, though they be due and in arrear, from the costs and the annoyance of a levy upon and a sale of his property by the collector under *sec.* 131 *of Art.* 7, Local Code, until after a reasonable opportunity has been given to the delinquent to discharge them. The collection of these taxes could not have been enforced "according to law," that is by legal process, unless the notice had first been given; but the taxes were none the less due and in arrear, and, therefore, legally demandable, when Maynard instituted these proceedings. The sections of the Local Code relied on relate exclusively to the mode of *enforcing* the payment of over-due taxes. The taxes must necessarily be due before payment can be enforced, and when due they are legally demandable, though summary proceedings to compel payment be not at once resorted to.

As the appellant expressly covenanted that a failure to pay the taxes would authorize an exercise of the power of sale contained in the mortgage, his objection that there has been no breach justifying the sale cannot be sustained. Such a covenant was lawful, 2 *Jones on Mortgages, sec.* 1175, and cases there cited; and there is nothing in the record to indicate, that its enforcement was designed for the mere purpose of oppression. Had these taxes been but a few days in arrear when Maynard advertised the property for sale, a different question

might, perhaps, have been presented, because a Court of equity is always reluctant to lend any aid towards consummating oppressive contracts, especially when its invention would, in effect, result in the enforcement of a forfeiture. But no such difficulty arises here. The taxes for 1887 were levied before July, 1887. *Code, Art.* 81, *sec.* 26; and those for 1888 before July, 1888, and the appellant had ample time within which he ought to have paid them. The mortgagee had the right to require them to be paid, because, being a lien from the date of their levy, as the amount increased by the addition of each year's levy, his own security proportionately decreased and became of less value.

The second ground of exception—inadequacy of price —has been passed upon frequently by this Court in other cases. Mere inadequacy of price is not sufficient to set aside a sale, unless it be so gross as to indicate want of reasonable judgment and discretion, or misconduct and fraud in the mortgagee, or some mistake or unfairness for which the purchaser is responsible. But, where there is any *other just cause* to doubt the propriety of the sale, it is always a consideration very proper to be viewed by the Court in connection with it, that the sale has been made at a reduced price. *Chilton vs. Brooks,* 69 *Md.,* 587; *Mahoney vs. Mackubin,* 52 *Md.,* 366. There is evidence in the record that the property was, in the opinion of the witnesses, worth more than the amount for which it sold; and that it had originally cost a very much larger sum, but that lands had materially depreciated since Condon purchased this farm. Though the alleged inadequacy be not of itself sufficient cause to justify a rescission of the sale, we are asked to consider it in connection with the state of the weather, and in connection with the fact that the sale took place on the fourth of March—the day upon which the President of the United States was inaugurated. Both of these

Condon *vs.* Maynard.

circumstances are relied on to show that persons who might have been bidders were deterred from attending the sale. The first of these is referred to as bringing this case within the reason of the decision in *Chilton vs. Brooks.* That case is clearly distinguishable from this. The sale there vacated took place on one of the days of the notorious March "blizzard," when the weather was so inclement as to make it dangerous for persons to be exposed to it. The sale could not, therefore, be conducted out of doors, and there was no fire within the house. The only persons present were the mortgagor, the auctioneer, the assignees of the mortgage, and their attorney. There was but a single bid and it was made by the holders of the mortgage, and was cried for about two minutes and the property was then knocked down. Upon proof of the inadequacy of the price obtained under these circumstances this Court set the sale aside. Here the facts are totally different. It rained on the day of sale, but it is not pretended that any one was prevented from attending the sale on that account. There were fifteen or twenty persons present, and the sale was conducted with deliberation, lasting at least thirty, and perhaps sixty minutes. The holder of the second mortgage, Levi Z. Condon, who was present, was asked to advance upon the bid of Maynard and declined to do so, and the third mortgagee, Mr. Thomas, though also present, made no bid whatever. Every facility was given to those who were present to bid, and every precaution was taken to advertise the sale extensively. The weather was very different from that of the March blizzard, and the persons present were sheltered in a warm and comfortable place. We have no right to assume that an ordinary and usual rainfall interfered with persons going to the sale, and it is not shown that a single individual was prevented from attending, either by reason of the weather or on account of the Presi-

dent's inauguration. It would be a most unwarrantable assumption on our part to presume that such was the fact.

The case is narrowed down then to an objection based on mere inadequacy of price. Assuming that the price was inadequate, it was certainly not so grossly inadequate as to justify the presumption of misconduct or fraud, or to indicate want of reasonable judgment and discretion, or to show mistake or unfairness on the part of Maynard, the assignee of the mortgage and the purchaser of the property at the sale now objected to.

Concurring with the Court below, we affirm its order finally ratifying the sale.

*Order affirmed,*
*with costs.*