# CRANE, and his Securities *against* the STATE OF MARYLAND.

The certificate of the treasurer, is evidence admissible to prove the indebted-ness of a collector of the State tax, although the clerk of the commissioners gave testimony, that it did not appear from the books of the commissioners, that any tax was levied during the years that the collector was charged with taxes on the books of the treasury.

APPEAL from St. Mary's county court.

In this case the action was instituted in St. Mary's county court, upon the bond of James E. Crane, for the faithful per-formance of his duty as collector of the State and county tax, in the second collection district of St. Mary's county. With the declaration was filed a copy of the account against the collector, certified by the treasurer to be a true statement made out from the books of the treasury of Maryland, and showing the balance due from said collector. The other de-fendants were his securities. The bond is dated 2nd Sep-tember 1843.

The defendants craved oyer of the bond, and the condition thereof, and pleaded:

1st. Performance by the collector.

2nd. That the commissioners failed and omitted to make any levy of the direct tax for the year 1842.

To the first of these pleas, the State replied, *non-perfor-mance*, as authorized by an act of Assembly.

And to the second plea, that the levy court did not make a levy. The State afterwards withdrew its replication to the second plea, and put in a general demurrer thereto.

The defendants having obtained leave, filed an amended plea, setting forth, that the commissioners of the tax for St. Mary's county failed and omitted to make any levy of the direct tax, for the use of the State, for the year 1842. There was also a demurrer to that plea, and upon the demurrer judg-ment was given for the plaintiff. For the trial of the issue a jury was sworn, and verdict for the defendants. During the

trial an exception was taken by the plaintiff, which came before the court upon this appeal. This exception states, that the State to maintain the issue, proved by the clerk of the commissioners, that it did not appear from any entry in the books of the commissioners, that any levy was made by them of a direct tax for the use of the State, in the years 1842 or 1843; and next offered in evidence an account, showing the balance claimed by the State from the said collector, and certified by the treasurer to be a true statement made out from the books of the treasury of Maryland.. The defendants objected to the admissibility of the treasurer's certificate at the time it was offered, as not sufficient to charge the defendants in this suit, and the court sustained the objection.

The case was argued this term before LE GRAND, C. J., and ECCLESTON and TUCK, J.

By *R. J. Brent* for the appellant, and *J. M. S. Causin* for the defendants.

On the part of the appellant it was insisted, that the plaintiff has his own election as to the order of his proof. 9 *Gill and John.*, 477.

There may have been a proper levy, and yet it might not appear upon the books of the commissioners. The act of 1841, ch. 23, sec. 45, prescribes the form of the bond, and the act of 1842, ch. 269, sec. 1, makes the bond include past as well as future years of taxes.

By act of 1841, ch. 23, sec. 58, two years may be levied in one year. The 46th sec. of 1841, ch. 23, relates alone to the tax for 1842. See act of 1841, ch. 269, sec. 7, as to the instalments and times of payment.

. By the counsel for the appellees, it was remarked, that the bond given was prospective, and not retrospective. Bond dated 2nd September 1843. It is not recorded until 12th September 1843. Proved 2nd September of that year.

This suit is upon the wrong bond. The account and certificate of the treasurer is for the taxes of 1842. The bond on which the suit is brought is for the taxes of 1843.

Crane *vs.* State of Maryland.

In *Young and the State,* 7th *G. & J.,* 259, it was said, oyer of the original bond need not be given, if bond directed to be recorded, but a copy will avail.   There is no bond here that will authorize a copy; the requisites of the law have not been complied with in regard to this bond.   See act of 1794, ch. 53, sec. 2.   1845, ch. 5; and *Cole vs. Harrington,* 7 *H. & G.,* 155.   The oyer here is not sufficient, and the evidence not proper under it.

The act of 1841, requires the penalty of the bond to be double the amount of taxes.

The opinion of the court was delivered by ECCLESTON, J.

This action was instituted upon the bond of James E. Crane, as collector of the taxes in the second election district of St. Mary's county, which bond bears date 2nd Sept. 1843.   From the steps taken by the counsel for the State, it is apparent, that his object was to obtain a summary judgment at the first term, under the act of 1841, ch. 23, sec. 48.   The defendants appeared, and after craving *oyer* of the bond, put in two pleas :

First.  *General performance :*

Second.  A special plea, which was disposed of under a demurrer, and is not before us.

To the first plea, the State replied generally, that the defendants had not performed the condition of the bond.   At the trial, the plaintiff proved by the clerk of the commissioners, that it did not appear from any entry in the books of the said commissioners, that any levy was made for the State tax in 1842 or 1843, and then offered in evidence the certificate of the treasurer.   The admissibility of this paper, when offered, was objected to by the defendants, as not being sufficient to charge them, and the court sustained the objection.   To this opinion the plaintiff excepted ; and we are now to consider, whether it should be affirmed or reversed.

The paper set forth in the bill of exceptions, as the treasurer's certificate, includes a statement of the account between James E. Crane, collector of the second election district of

St. Mary's county, and the State of Maryland, "for so much of the direct tax in said county, for 1842, as he had to collect," stating that amount to be $2175.10. After charging interest, and deducting several payments, the balance is stated, and then follows: "I hereby certify, that the above account is a true statement, made from the treasury of Maryland, this second day of February 1849. D. Claude, Treasurer."

The first ground taken by the counsel, for the defendants to sustain the opinion of the court below, was, that the certificate of the treasurer was a species of statutory evidence, intended only to be used in a suit upon the bond of a collector, taken under our revenue laws. And that this evidence can only be admitted, in a case where the bond is in exact conformity to the provisions of the statute, in every respect. It was then contended that the bond, in question, had not been proved by the witnesses, and approved by the commissioners, according to the requirements of the statutes on that subject.

The only plea now in the case being *general performance*, after *oyer*, if there be any defects in the formality of the probate and approval of the bond, they are not such as can be objected to by the defendants, in the present condition of the pleading. This is not to be understood as intimating an opinion, that there are any defects in the bond, which would be available in any state of the pleadings.

It has also been argued on the part of the defendants, that our revenue laws clearly provide for an annual appointment of collectors, and require a bond to be given after each appointment. And if so, a bond given as this was, in September 1843, could not bind the obligors for the faithful collection and payment over of the tax for 1842; therefore, the treasurer's certificate in regard to the tax now in controversy, is no evidence in this suit. But although it is true, that the laws look to the appointment of collectors every year, yet it is well known, that in some parts of the State, for several years collectors were not appointed, or would not serve if they were, and consequently, the taxes remained unpaid. To remedy the defi-

Crane *vs.* State of Maryland.

ciency in our revenue, which this state of things produced, the act of 1842, ch. 269, was passed, the first section of which, provides for the appointment of collectors for the collection of taxes then levied, or to be levied thereafter, for the current year, "and for so much of the said taxes due for former years, as should not be in the hands of collectors duly appointed and qualified for collection."

By sec. 48 of the act of 1841, ch. 23, a statement of the account of a collector, signed and certified by the treasurer, is made evidence on which a judgment may be demanded at the first term; if, however, instead of a summary judgment, the case is controverted, such a paper must be regarded as evidence. But it has been contended, that after the testimony given by the clerk of the commissioners, the certificate in this case was properly rejected. We do not think so. Although the clerk was the witness of the State, nevertheless she had a right to shew that he was mistaken, and that in point of fact, the tax had been levied.

By sec. 54 of the act of 1841, ch. 23, it was made the duty of the clerks of the commissioners of the several conties, immediately after the imposition of any tax for the use of the State, to transmit by mail to the treasurer, a certificate, stating that such tax was imposed, the date of the imposition, and the name of the collector, with a copy of his bond. According to the act of 1842, ch. 269, the tax for that year might have been levied at the time of making the levy for 1843, and if it was, the bond in this case was answerable for the same. The statement of the treasurer, is for the tax of 1842; and in it, credit is given to the collector for three payments made by him on account of the said tax. Under these circumstances we think the certificate offered legally tended to prove the issue, and that the court erred in sustaining the objection to its admissibility.

The *signature* of the treasurer was not objected to, but assumed to be genuine.

*Judgment reversed, and procedendo awarded.*