(Decided 12th March, 1875 )

EX PARTE IN THE MATTER OF THE TAX SALE OF LOT No. 172, PURCHASED BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Tax Sales—Conflict between General and Local Laws—Acts of 1872, ch. 384, and 1874, ch. 483, construed as affecting Tax Sales in the City of Baltimore.*

Sections 874, 875, 876 and 878, of Article 4 of the Public Local Laws relating to taxes in the City of Baltimore are not repealed by the Act of 1872, ch. 384, nor by the Act of 1874, ch. 483.

Although it may be well always in the notice of sales for taxes, to state the time within which the debtor may redeem, there is nothing in the law which requires it, and the omission to insert it, or if inserted, a misstatement of the time would not affect the validity of the sale.

The Local Code applicable to the City of Baltimore, does not direct *where* sales for taxes shall take place. A notice which states that the sale will take place at the Court House door, *"or at such other place as may hereafter be designated"* is fatally defective.

Ex parte in the matter of the Tax Sale of Lot 172, &c.

In the notice of sale both *time* and *place* of sale should be certain and fixed.

Section 63 of the Act of 1872, ch. 384, requiring reports of sale to be made to the Court by the collector of taxes, provides that the Judge shall examine the proceedings, and if they appear to be regular shall order notice to be give by advertisement, &c.; and if no cause be shown against the ratification the sale shall be ratified and confirmed, "but if good cause in the judgment of said Court be shown in the premises the said sale shall be set aside." HELD:

That the judge may set aside such sale without said notice by advertisement, if he finds upon the preliminary examination that the proceedings are *not* regular and in conformity with law.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*Albert Ritchie*, and *I. Nevett Steele*, for the Mayor and City Council of Baltimore.

GRASON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City, dated May 1st, 1874, and setting aside a tax sale made and reported by the City Collector.

The main question, presented upon this appeal, is, whether sections 874, 875, 876 and 878 of Article 4, of the Public Local Laws are still in force, or whether they have been repealed by the Act of 1872, chap. 384. Those sections have not been repealed in express terms, and, if repealed at all, it is by implication merely, because of irreconcilable conflict between them and the provisions of the Act of 1872. We have very carefully examined Article 81 of the Public General Law to which the Act of 1872 is an amendment. It is amended in several respects

by the latter Act, but we are of opinion that it is not more in conflict with the Local Law since its amendment, than it was as it originally stood before the passage of the amending Act. Section 47 is amended so as to make all other taxes, liens on real estate, as well as State taxes, which alone had, before the passage of the Act, been liens. This section of the Act of 1872, clearly applies to the City of Baltimore as it is apparent, from its very terms, that the Legislature intended to change the law in this respect and to apply that change to the whole State. Section 49, before being amended, required the statement and notice therein described to be left with the party by whom the taxes were to be paid, or at his usual place of abode. As amended the statement and notice were to be left with the party by whom the taxes were to be paid, or one of them, if there was more than one, or at his or their usual place of abode, or at the usual place of abode of one of them, or set up on the land or premises, where land or other real estate is to be sold, or delivered to any person in possession thereof. It will be seen that the amendment merely made some change in the mode of serving the statement and notice, and provided what should be done in place of notice, when it could not be personally served. Under the 50th section as it originally stood the collector was bound to levy upon the party's personal property, and by the amendment he was authorized to levy upon either realty or personal. Sections 54, 55, 56, 57 and 59, which directed the mode of proceedings to sell real estate for taxes, were repealed by the Act of 1872, and section 63 enacted in their place. This section provides that tax sales shall be reported to the Circuit Court of the judicial circuit where said lands are situate, or when situate in the City of Baltimore, to the Circuit Court of said City, and directs the mode of proceeding after such report shall have been made. This was a new feature in tax sales applied to the Counties by the Act of 1867, ch. 186, and was

expressly extended to Baltimore City by the Act of 1870, chap. 312, and by section 63 of the Act of 1872, is re-enacted and applied to the whole State, including Baltimore City. It is supposed that the Act of 1872 applies to Baltimore, because section 50 requires the notice of sale to be published in a newspaper published in the County or *City*, and stuck up at the Court House door of the County or *City*, and if no newspaper be printed in the County, said notice was required to be set up at two other public places in the neighborhood, in addition to that at the Court House door of the County or *City*. It will be observed that the "City of Baltimore" is not named in any of the sections except the 63rd, which clearly applies to the whole State, and which requires the reports of sales for taxes in Baltimore City to be made to the Circuit Court of that City. In the 50th section, as we have already stated "County or City" is mentioned, and there are other *cities* in the State besides Baltimore City, and the Legislature may have well had them in contemplation when the word *City* was used. But the 63rd section would seem to indicate that the Legislature, at the very time of the passage of the Act of 1872, had in view the fact that there was then in force and effect a law or laws which presented a mode of proceeding in tax sales different from that contained in the bill upon which it was acting, for instead of providing that the Judge should give notice if he found the proceedings regular and in accordance with the provisions of that Act, that is the Act of 1872, he was required to give notice if he should find the proceedings regular and in accordance with the provisions not of this Act, but "*of law.*" Upon an examination of the Code it will be found that in many of the sections of Article 81 as it was originally adopted, including the sections expressly repealed by the Act of 1872, the "Mayor and City Council of Baltimore," "the City of Baltimore" and the Appeal Tax Court" are named and referred to. But it never w

supposed that Article 81, before the passage of the Act of 1872, repealed by implication the Local Law, Article 4, sections 874, 875, 876, 877 and 878. On the contrary, the Public Local Law was adopted by the same Act, by which the Public General Law was put in force, and the very sections, which are now supposed to be repealed, were recognized as being in force by the Act of 1862, chap. 148. It is therefore evident that it was clearly intended by the Legislature of 1860, which adopted the Code, as well as by the Legislature of 1862, that Article 81 of the General Law, and sections 874, 875, 876, 877 and 878 of Article 4 of the Local Law should stand together, and, this being the case, we cannot say that the latter are repealed by implication by an amendment to Article 81, especially since it cannot reasonably be inferred from anything to be found in the amending Act, which is more inconsistent, or more in conflict with them than are the provisions of Article 81 as originally adopted. Not being repealed they must prevail over the General Public Law.    See Rule 11th of interpretation.   1 *Code, page* 10.

The sale reported in this case and the proceedings under which it took place must therefore be regulated and governed by the Local Law, but the report of the sale and the proceedings of the Judge of the Circuit Court, after the report is made, must be governed by the provisions of the 63rd section of the Code as amended by the Act of 1872.

Upon an examination of the proceedings of the Collector, as set out in the record, we find that they are, in several particulars, not in accordance with the requirements of the Local Law.   But *twenty-four* days notice was given, when it is required that *thirty* days notice shall be given by advertisement inserted twice a week in two daily newspapers published in the City.

Section 875 provides that the purchaser, on the day of sale, or the next day, shall pay the amount assessed, or

taxed on the lot sold together with all costs and charges and no more, and the residue of the purchase money shall remain on a credit for one year and a day, and the terms should be so advertised. In this case the sale was for cash.

Section 876 allows the debtor but one year and a day to redeem the property sold, and not *two* years, as was advertised in this case. Though it may be well always in the notice of sale to state the time within which the debtor may redeem, yet we find nothing in the law which requires it, and the omission to insert it, or, if inserted, a misstatement of the time would not affect the validity of the sale.

The Local Law does not direct *where* the sale shall take place, but the purpose and object of giving notice of the sale are to inform the owner of the land and the public, of the place, as well as the time, where and when the sale is to take place so that they may attend and bid if they think proper, and both *time* and *place* should be certain and fixed. The notice in this case that the sale would take place at the Court House door, or " *at such other place as may hereafter be designated is therefore fatally defective.*"

It was also suggested that the action of the Judge of the Circuit Court was premature. Section 63 of the Act of 1872 provides, that the Judge shall examine the proceedings and if they appear to be regular, he shall give notice, &c., and if good cause be shown he shall set aside the sale, and the Collector shall thereupon proceed to a new sale. It would be a strange anomaly if the Judge can set aside sales upon cause shown, when the proceedings appear to be regular, and yet not have the power to set them aside, without notice, when he finds, upon examination, that the proceedings are *not* regular nor in conformity with law. He clearly has such power, and upon his exercising it, the Collector must proceed to a new sale.

Section 60 of Article 81, provided that no Collector should sell more of any lot of ground in any town or city

*than* might be sufficient to discharge the taxes and charges thereon due, unless the County Commissioners or Appeal Tax Court should be of opinion that such lot would not admit of division without material injury to the owner, and should previously direct the Collector to make sale thereof to the extent of the ground sold. Even if this section applied to the City of Baltimore, which it might well do consitsently with the Local Law, it cannot apply to any future sale, as it has been repealed by the Act of 1874, ch. 483, which is now in force.

As Article 81 of the Code, as amended by the Act of 1872, has been repealed by the Act of 1874, chap. 483, it may be proper to state that we have carefully examined its provisions, and are of opinion that it does not operate a repeal of the sections of the Local Law before referred to, it being with some few exceptions, a re-enactment of Articl 81 as amended by the Act of 1872.

As the proceedings of the Collector in this case were not in accordance with the requirements of the Local Law in the particulars before mentioned, the order appealed from will be affirmed.

*Order affirmed.*

(Decided 12th March, 1875.)