## JAMES SPRIGG vs. STATE OF MARYLAND.

*Action on a Collector's bond—Non-applicability of sec. 85 of Art. 75 of the Code, to cases of Summary proceedings against a Collector of Taxes and his Sureties—Regularity in the entry of Judgment under the provisions of sec. 70 of Art. 81 of the Code—Laches in making defence—Construction of sec. 70 of Art. 81 of the Code—Construction of sec. 85 of Art. 75 of the Code—Object of Article 81 of the Code, in respect of the payment of Taxes.*

B. was appointed collector of taxes for the third district of Anne Arundel County for 1873, and S. together with M. and C. B. became his securities on his collector's bond. On the 27th of September, 1875, suit was brought on this bond against the collector and the surviving securities, and a separate suit was brought against the administrators of C. B. who had died. The suit was brought to the October Term of the Circuit Court for Anne Arundel County, the session of which began on the third Monday of October, 1875. A notice of the amount due the State from the collector, and of the intention of the counsel of the State to move for judgment at the first Term, to wit, at the October Term of the Court, signed by the counsel for the State, was sent out with the writ, and was served on the several parties to the suit, ten days prior to the sitting of the Court, as required by section 70 of Article 81 of the Code, as enacted by the Act of 1874, ch. 483. At the sitting of the Court, B., the principal in the bond, and the security M., appeared by counsel; but no attorney appeared for S. No defence was interposed, and the Court, on motion, at the first Term thereof, on the 10th of November, 1875, rendered judgment against the collector and his securities, for the penalty of the bond, to be released on the payment of $2401.73, with interest from the date of the judgment (and for costs,) being the amount certified by the Comptroller under sec. 70 of Art. 81 of the Code, as being due. A *fieri facias* was issued on this judgment to the July Term, 1878, which being outstanding, S. on the 20th of January, 1879, as of the October Term of the Court, 1878, moved to strike out the judgment, and to bring forward the case by proper continuances, that it might be heard regularly. Sundry reasons were assigned in support of the

Sprigg *vs.* State.

motion, but the only grounds really relied on at the hearing were, that the personal appearance of S., was not entered before judgment was rendered, and that S. had a good defence to the action by reason of the non-approval of the collector's bond by the Governor, and its not being filed in the Comptroller's office as required by law. HELD:

1st. That the provision of sec. 85 of Art. 75 of the Code, authorizing the Court to enter the appearance of a defendant, who has been summoned, and fails to appear, and to proceed in the same manner as if the party had appeared in person, did not apply to cases of summary proceedings against a collector and his sureties.

2nd. That as the provisions of sec. 70 of Art. 81 of the Code, seem to have been complied with, there was no irregularity in the rendition of the judgment by reason of the non-entry of the personal appearance of S., if such entry was omitted.

3rd. That if the bond of the collector was not a good cause of action for the want of the Governor's approval, or by reason of the neglect to file the same with the Comptroller, S. knew it, and ought to have made his defence at a proper time; he had not exercised ordinary diligence in setting it up.

Section 70 of Article 81 of the Code, provides that: " When the Comptroller shall order suit upon a collector's bond, he shall transmit to the State's attorney or some other attorney, by him selected, a statement of the account of such collector; and upon the account so transmitted, signed and certified by the Comptroller, and on motion being made on behalf of the State, judgment shall be entered at the first Term of the Court in which suit may have been brought in the name of the State, against such collector and his sureties, and execution shall issue thereon as in other cases; provided ten days' previous notice in writing be delivered to such collector and his sureties, or left at their place of abode, signed by the said attorney; and it shall be the duty of the sheriff to serve such notice, and proof of such service shall be made to the satisfaction of the Court, before such judgment shall be entered." HELD:

1st. That in cases under the foregoing section, it is the proof of the service of the *notice* to the satisfaction of the Court, which warrants the Court in proceeding to summary judgment at the first Term, unless the collector, or his sureties, shall ask a trial by reason of any thing pleaded in defence, under sec. 71 of Art. 81.

Sprigg *vs.* State.

2nd. That the entry of judgment in such case is an adjudication, that the service was proven to the satisfaction of the Court, and that no defence was made or trial asked for.

3rd. That it is a summary proceeding requiring the utmost diligence on the part of the defendants to appear and proffer defence; and the Court being satisfied that notice has been served, judgment goes as a matter of course, unless the defendants appear according to the exigency of the summons and proffer defence. It is an exception to the provisions of section 85 of Article 75.

4th. That section 85 of Article 75, was intended for cases which were required to proceed by regular stages of pleading to judgment. By it a defendant, duly summoned, who neglected to voluntarily appear, in person or by attorney, was to be entered as having appeared, that he might be affected with notice of declaration filed, and the rule to plead, and thus be compelled to defend or be put in default for want of a plea.

5th. That to coerce the speedy payment of taxes, for the support of the Government, by those charged with the duty of collecting them, the law provided the summary method of Article 81, and enabled judgment to be obtained immediately, without the usual delays incident to pleading, upon its appearing that the special proceedings, provided for, had been strictly pursued.

APPEAL from the Circuit Court for Anne Arundel County.

The case is stated in the opinion of the Court. The appeal was taken from the action of the Court below overruling the motion of the defendant, James Sprigg, to strike out a judgment entered against him.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*J. Wirt Randall* and *William H. Tuck,* for the appellant.

It was error on the part of the Court to enter the judgment against the appellant, when there was no appearance on

the docket for him; he was not in Court for any purpose until an appearance had been entered. *Stephen on Pleading,* 31–35, *and XXII p. of Appendix;* 1 *Chitty on Pleading,* (*old Ed.,*) 443; *Martin vs. Mahoney,* 16 *E. C. L. R.,* 243; *Cook vs. Raven,* 1 *Term Rep.,* 635; *Roberts vs. Spur,* 3 *Dowling's Practice Cases,* 551; *Watson vs. Dow,* 5 *Dowling's Prac. Cases,* 584; *Codrington vs. Curleuis,* 9 *Dowling Prac. Cases,* 968.

It was argued in the Court below, that this judgment could be maintained under sec. 80, of Art. 81, of the Code, which gives the State a right to a judgment at the first Term where the defendants have had notice, &c., served upon them ten days prior to the beginning of the Term, but this section of the Code is not inconsistent with, and does not repeal secs. 85 and 86, of Art. 75, of the Code, requiring an appearance to be entered for the defendant; its purpose was only to give the State a right to judgment or trial at the appearance Term, to make that, in other words, for such State cases, the trial Term, not dispensing with any forms, whether technical or substantial, required by other portions of the Code.

The provisions of secs. 85 and 86, of Art. 75, were incorporated into the Code from the Act of 1796, ch. 43, secs. 2 and 4; and those of sec. 80, of Art. 81, from the Act of 1841, ch. 23. sec. 48. The substance of these various provisions being such that they may stand together, they will, according to the well recognized rule of statutory construction, be held to have a concurrent efficacy. *Dwarris on Stat.,* (9 *L. L.,*) *secs.* 638, 674 *and passim.*

There being then a good defence to the action, and the judgment having been irregularly and improperly entered, did not the Court below err in refusing to allow it to be stricken out on the application made by the appellant?

On the part of the State, it will be urged that the application came too late, and that the reasons

assigned by the appellant are not sufficient after the lapse of the Term at which the judgment was entered.

The power to set aside judgments on motion, for fraud, surprise or irregularity, is a common law power, incident to Courts of record; and may be exercised after the Term has passed at which the judgment was rendered. *Kemp, et al. vs. Cook, et al.*, 18 *Md.*, 138; *Taylor vs. Sindall*, 34 *Md.*, 40; *Tiernan vs. Hammond*, 41 *Md.*, 552.

*Henry Aisquith,* State's Attorney for Anne Arundel *County,* and *Charles J. M. Gwinn,* Attorney-General, for the appellee.

The appellant cannot maintain upon this record that the entry of the judgment against him was improper and illegal. When the appellant was returned "summoned" to appear on the third Monday of October, 1875, in the Circuit Court for Anne Arundel County, it was the imperative duty of that Court, on the second day of the Term, to enter his appearance, and to proceed in the manner in which it would have done, if the appellant had appeared in person. *Art.* 75, *sec.* 85.

*Actus curiœ neminem gravabit. Evans vs. Rees,* 12 *Ad. & Ell.,* 167. It is a presumption of law that the Court below discharged its duty in this particular. *State vs. Mackall,* 11 *G. & J.,* 457; *Keen vs. Whittington,* 40 *Md.,* 495; *Phila. & Trenton R. R. Co. vs. Stimpson,* 14 *Peters,* 458. Under the express terms of sec. 85 of Art. 75, the Circuit Court for Anne Arundel County had jurisdiction, when the appellant was returned "summoned." "The general rule is that, in Courts of record, all things are presumed to have been rightly done. * * Those presumptions are that the Court having jurisdiction, and having entered a judgment, did everything that was necessary to warrant its entry of the judgment. Undoubtedly the contrary may be shown in a Court of error, but the burden of showing it is upon him, who alleges error. The legal

intendment is against him." *Miller vs. U. S.,* 11 *Wallace,*
300; *Horner vs. O'Laughlin,* 29 *Md.,* 471.

In this case there is no affirmative proof that the Court
below did not fulfil its duty, by ordering the appearance
of the appellant to be entered at the proper time. The
omission of the entry from the record is not affirmative
proof of the default of the Court. *Horner vs. O'Laughlin,*
29 *Md.,* 471. Nor indeed was the entry of the appearance
of the appellant necessary. The suit had been ordered by
the Comptroller, upon the bond of the appellant, and a
statement of the account of the appellant, signed and
certified by the Comptroller, had been transmitted to the
State's Attorney. Ten days previous notice of the suit
had been given to Boone, and to his sureties, among whom
was the appellant. Proof of the service of this notice had
been made to the satisfaction of the Court. Under the
express terms of sec. 80 of Art. 81, as modified by the
Act of 1870, ch. 325, the State became, thereupon, entitled,
upon the motion of the State's Attorney, to a judgment
against the appellant for the debt due to it by Boone, and
it was the duty of the Court to enter such judgment.

It will be observed that the judgment below was entered
on the 10th of November, 1875. The motion to the Court
to strike out the judgment, and to bring the case forward,
by continuances, was made on the 20th of January, 1879;
more than three years afterwards.

In *Taylor vs. Sindall,* 34 *Md.,* 40, and in *Tiernan vs.
Hammond,* 41 *Md.,* 552–554, the power of a Court to
strike out a judgment, after the Term has passed, is
recognized. It is conceded, however, in these cases that a
motion to strike out a judgment for irregularity ought not
to be granted where the party has been guilty of laches or
unreasonable delay.

The rule of the King's Bench to refuse motions to set
aside proceedings for irregularity, unless the application is
made within a reasonable time, is certainly a liberal rule.

1 *Tidd's Practice* (3rd *Am. Ed.*), 514. Under that reasonable rule, if the fullest force be given to all the argument of the appellant, the ruling of the lower Court must be affirmed.

It is especially worthy of remark that no affidavit of merits has been made in this case. In all motions to strike out a judgment, such affidavit ought to be filed. *Freeman on Judgts.*, (2nd *Ed.*,) *sec.* 108. For any sufficient thing which appears to the contrary, in any affidavit filed in these proceedings, the appellant was actually present in the lower Court on the third Monday in October, 1875. The motion of the counsel for the appellant, in so far as it is unsupported by affidavit, is entitled to no weight. But neither the motion of the counsel to strike out the judgment, nor the affidavit of Williams, nor of Hagner, negative either the presence of the appellant in the lower Court on the return of the writ, or, if he really failed to appear, deny that the lower Court ordered his appearance to be entered.

From the moment that the writ of summons was served the lower Court acquired jurisdiction over the person of the defendant, whether he subsequently appeared or not. *Cooper vs. Reynolds*, 10 *Wallace*, 317. While by the general law of the land it could not proceed to render judgment against the appellant until he had been given due notice by service of process to appear and defend, *Hollingsworth vs. Barbour*, 4 *Pet.*, 473, yet when the summons was served, it acquired, unquestionably, jurisdiction over his person, and had power to proceed with the case.

It did proceed with the case and give judgment. As the appellant was duly summoned, and the Court below had jurisdiction over his person, and entered judgment against him, if previous entry of his appearance, by the order of the Court, was necessary, then, inasmuch as it was the duty of the Court to have made that order, *of its own motion*, it must be presumed, in support of its judgment,

as the record does not show affirmatively to the contrary, that it did in fact make such order, and that the clerk of the Court omitted to enter it. *Townsend vs. Jemison,* 7 *Howard,* 715, 716. This Court is bound to presume that "justice was administered in the ordinary form." *Ibid,* 718; *Stockton vs. Bishop,* 4 *Howard,* 167.

The cases in England, on which the appellant relies do not apply, because, there, the entry of judgment, in default of appearance is, under the statutes, not the duty of the Court, but must be made on the motion, or by the act of the counsel for the plaintiff. 1 *Tidd's Prac., ch.* 22.

The lower Court had the power, after the return of the summons in this case, to enter, upon motion of the State's attorney, in the absence of any defence made, a judgment against the appellant, under the provisions of Art. 81, sec. 80, of the Code, and under the Act of 1870, ch. 325, sub-sec. 5, without entering the appearance of the appellant; as the appellant, by the service of the summons, was brought within the jurisdiction of the Court, and made subject to the provisions of the section last cited.

IRVING, J., delivered the opinion of the Court.

The record in this case shows that Thomas C. Boone was appointed collector of taxes for the third district of Anne Arundel County for the year 1873, and that the appellant, together with R. L. Moss and Charles Boone of S., became his securities on his collector's bond. On the 27th day of September, 1875, suit was brought on this bond against the collector and the surviving securities, and a separate suit was brought against the adminis-trators of Charles Boone of S., who had died. The suit was brought to the October Term of the Circuit Court for Anne Arundel County, the session of which began on the third Monday of October, 1875. A notice of the amount due the State from the collector, and of the intention of the counsel of the State to move for judgment at the first

Term, to wit, at the October Term of the Court, signed by the counsel for the State, was sent out with the writ, and was served on the several parties to the suit ten days prior to the sitting of the Court, as is required by the seventieth section of Article 81 of the Code as enacted by the Act of 1874, ch. 483. At the sitting of the Court, Thomas C. Boone, the principal in the bond, and R. S. Moss, one of the securities, appeared by counsel; but no attorney appeared for James Sprigg, the appellant. No defence was interposed, and the Court, on motion, at the first Term thereof, on the 10th day of November, 1875, rendered judgment against the collector and his securities for the penalty of the bond, to be released on the payment of the sum of twenty-four hundred and one dollars and seventy-three cents, with interest from the date of the judgment (and for costs) being the amount, certified by the Comptroller, under the seventieth section of Article 81 of the Code, as being due. A *fieri facias* issued on this judgment to the July Term, 1878, which, being outstanding, the appellant, on the 20th of January, 1879, as of the October Term of the Court, 1878, moved to strike out the judgment, and to bring forward the case by regular continuances, that it might be heard regularly. The reasons in the motion are :

1st. Because the judgment was entered against him improvidently and irregularly, without any appearance to the suit by the appellant either personally or by attorney.

2nd. Because he has a valid defence, in law, in this, that the bond upon which the suit was brought was never properly executed, approved, or filed as required by law.

3rd. Because he was assured by his principal that there was no necessity for his employing an attorney to appear for him, as he would soon pay all he owed the State ; and that, being an illiterate man, the judgment was rendered against him practically by surprise.

4th. Because of other irregularities.

It is well settled, in this State, that a judgment will not be set aside after the expiration of the Term at which it was entered, except upon clear proof of *fraud, surprise, or irregularity.* No fraud is alleged, and the third reason sets up no such surprise as we can regard. It is his misfortune to be illiterate, and to have been too confiding in his principal; but it forms no sufficient reason for interfering with the judgment. The only grounds really relied on at the hearing were that the appellant's personal appearance was not entered before judgment was entered; and that the appellant had a good defence to the action by reason of the non-approval of the collector's bond by the Governor, and its not being filed in the Comptroller's office as required by law.

The provision made by sec. 85, of Art. 75 of the Code, is that where "the defendant returned summoned, shall fail to appear, the Court shall on the second day of the Term to which the summons is returnable, enter the appearance of any defendant so summoned and failing to appear, and the action shall proceed in the same manner as if the party had appeared in person." It is not necessary for us to determine whether, in this case, it sufficiently appears that the personal appearance of the defendant was not entered; for we do not think that the provision of the Code just quoted applies to cases of summary proceedings against a collector and his sureties. Sec. 70 of Art. 81 of the Code, provides that, "when the Comptroller shall order suit upon a collector's bond, he shall transmit to the State's Attorney or some other attorney by him selected, a statement of the account of such collector; and upon the account so transmitted, signed and certified by the Comptroller, and on motion being made on behalf of the State, judgment shall be entered at the first Term of the Court in which suit may have been brought in the name of the State, against such collector and his

sureties, and execution shall issue thereon as in other cases; provided ten days previous notice in writing be delivered to such collector and his sureties, or left at their place of abode, signed by the said attorney; and it shall be the duty of the sheriff to serve such notice, and proof of such service shall be made to the satisfaction of the Court, before such judgment shall be entered."

In cases under this section it is the proof of the service of *the notice* to the satisfaction of the Court, which warrants the Court in proceeding to summary judgment, at the first Term, unless the collector or his sureties, shall ask a trial by reason of anything pleaded in defence under sec. 71 of Art. 81. The entry of judgment in such case is an adjudication, that the service was proven to the satisfaction of the Court, and that no defence was made or trial asked for. It is a summary proceeding requiring the utmost diligence on the part of the defendants to appear and proffer defence; for no provision is made for delay beyond the Term, to enable them to plead. The Court is authorized to proceed at once on proof of service. This only, in such cases is made the basis of jurisdiction to enter judgment. The motion for judgment comes immediately on the return and service being announced, as in an attachment case; and the Court being satisfied, that notice has been served, judgment goes as a matter of course, unless the defendants appear according to the exigency of the summons and proffer defence. It is an exception to the provisions of Art. 75, sec. 85. The two provisions were enacted by the adoption of the Code simultaneously, and are to be construed together, and in the light of the object intended to be secured by each. Sec. 85 of Art. 75, was intended for cases which were required to proceed by regular stages of pleading to judgment. By it a defendant duly summoned, who neglected to voluntarily appear in person or by attorney, was to be entered as having appeared that he might be affected with notice of declara-

tion filed and the rule to plead, and thus be compelled to defend or be put in default for want of a plea. To coerce the speedy payment of taxes, for the support of the Government, by those charged with the duty of collecting them, the law provided the summary method of Art. 81, and enabled judgment to be obtained immediately, without the usual delay incident to pleading, upon its appearing, that the special proceedings, provided for, had been strictly pursued. In this case all the provisions of sec. 70, Art. 81 of the Code, seem to have been fully complied with, and we are of opinion that there was no irregularity in the rendition of the judgment by reason of the non entry of the personal appearance of the defendant, if such entry was omitted.

It is not necessary for us to decide whether the bond of the collector was void or voidable for the want of the Governor's approval, or by reason of the neglect to file the same with the Comptroller, which omissions are relied on for defence to the action if judgment should be stricken out, (and to enable the appellant to plead which omissions, it is asked that the judgment shall be struck out;) because if the bond was not a good cause of action for those technical reasons, the appellant knew or ought to have known it, and ought to have made his defence at a proper time. He does not bring himself within any of the conditions of "*fraud, surprise or irregularity,*" where the Court will interfere. *Hall, et al. vs. Holmes, Adm'r,* 30 *Md.*, 558. Relief will not be granted where the party has been guilty of *laches* or unreasonable delay. *Tiernan vs. Hammond,* 41 *Md.*, 548. In this case if there was a defence he has not exercised ordinary diligence in setting it up. We see no ground for interfering with the judgment, and the action of the Court in overruling the motion to strike it out will be affirmed.

*Judgment affirmed with costs.*

(Decided 2nd July, 1880.)