James T. Perkins, Trustee *vs.* Thomas H. Gaither.

*Act of 1874, ch. 483, secs. 63 and 82—Judicial sale—Plea of Limitations to the Payment of Taxes.*

Section 63 of the Act of 1874, ch. 483, that provides, that "Whenever a sale of either real or personal property shall be made by any ministerial officer, under judicial process or otherwise, all sums due and in arrear for taxes from the party whose property is sold, shall be first paid," does not prevent one, who has a lien on property sold by trustees appointed by the Court, from pleading, on the distribution of the proceeds of the sale of such property, section 82 of the same Act, in bar of the payment of taxes levied more than four years before the appointment of trustees to sell the property.

Appeal from the Circuit Court for Prince George's County, in Equity.

Certain real estate was sold by trustees appointed by the Circuit Court for Prince George's County. The sale was reported to the Court, and the case was referred to the auditor to state an account distributing the proceeds, and ascertaining the amount due Thomas H. Gaither by virtue of a lien he held on the property. The auditor stated an account showing the amount due Thomas H. Gaither and distributing the proceeds of sale. In his account he allowed James T. Perkins, trustee, for State and County taxes for some twelve years—from 1874 to 1885 inclusive—which with interest amounted to $1917.93. To this allowance Thomas H. Gaither excepted, and among the reasons filed he charged that the claim of said Perkins included taxes levied by Prince George's County more than four years before the decree was passed appointing the trustees

to take charge of the property, and he therefore pleaded section 82 of the Act of 1874, chap. 483 in bar of any recovery of such taxes. The Court (BROOKE, J.,) passed an order remanding the case to the auditor with instructions to discriminate in his account between the taxes due and in arrear to the State, and those due and in arrear to the County; to allow all taxes due and in arrear to the State ; and to allow all county taxes due and in arrear within four years prior to the date of the passage of the decree in the cause. The auditor stated an account in conformity with the opinion and order of the Court. This account was finally ratified and confirmed. From the order of ratification in so far as it disallowed a part of the claim of James T. Perkins, trustee, this appeal was taken.

The cause was argued for the appellee before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and McSHERRY, J., and submitted for the appellant.

*F. Snowden Hill,* for the appellant.

*George R. Gaither, Jr.,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

We all agree that the taxes claimed in this case are barred by the Act of 1874, chap. 483, sec. 82. Section 82 provides that all taxes levied for county or city purposes shall be collected within four years after the same shall be levied; and if not collected within four years, "the parties from whom such taxes may be demanded may plead this section in bar of any recovery of the same." The taxes now claimed are county taxes, and were levied more than four years before the trustees were appointed to sell the property, and this being so the appellee had the right to plead the

statute in bar of their recovery. The fact that trustees were subsequently appointed to sell the property, and that the proceeds of sale are now in a Court of equity for distribution, does not deprive the appellee of his right to rely upon the plea of limitations provided by the Act of 1874. Section 63 of that Act provides, it is true, "that whenever a sale of either real or personal property shall be made by any ministerial officer under judicial process or otherwise, all sums due and in arrear for taxes from the party whose property is sold, shall first be paid." But this section must be construed in connection with section 82 of the same Act, and as thus construed, it means all taxes *not barred by the provisions of section* 82.

*Order affirmed.*

(Decided 10th January, 1889.)