STATE, USE OF COUNTY COMMISSIONERS OF CHARLES COUNTY, USE OF ETC., *vs.* THE FIDELITY AND DEPOSIT CO.

*Liability of Surety on Tax Collector's Bond—Misapplication of Taxes Collected to Former Indebtedness.*

The equitable plaintiff brought this action against the surety on the bond of a tax collector of a county to recover a sum of money collected for the plaintiff in the levy of 1899 and not paid over. A plea set forth that the plaintiff was one of the sureties on the bond of the same collector for the year 1898, and the defendant was not : that the defendant became such surety for the year 1899 upon the recommendation of plaintiff who, as defendant's agent, certified that the collector was honest and efficient; that at that time the collector had defaulted and failed to pay over all the taxes collected by him in 1898 and owed a sum of money to the plaintiff out of the collections of that year; that the collector settled this indebtedness by payments out of taxes levied in 1899, applied to the account of the previous year which was greater than the amount sued for in this case, and that the taxes of 1899 could lawfully be used only for the payment of claims levied for in that year. *Held*, that this plea constitutes a good defence to the action because the plaintiff cannot be allowed to appropriate the taxes of 1899, knowing them to be such, to the payment of a claim levied for him in 1898

and not included in the levy of 1899, thus relieving his own liability as surety on the collector's bond of 1898, and making the defendant liable on its bond of 1899.

Appeal from the Circuit Court for Charles County (MER-RICK, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Adrian Posey*, for the appellant.

*L. Allison Wilmer* (with whom was *Walter J. Mitchell* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

William A. Fisher was duly appointed Tax Collector for the Second Collection District of Charles County for the year 1899. The defendant, the Fidelity and Deposit Company of Maryland, became his surety. The condition of the bond was that Fisher should well and faithfully execute his office and the several duties required of him by law and should well and truly account for and pay to the County Commissioners of Charles County, or their order, the several sums of money which he should receive or be answerable for by law at such time as the law directed.

The *narr.* alleges that the joint bond of Fisher and the defendant company with the above condition was duly executed and delivered; that said Fisher did not as required by law account for nor pay the sum of two hundred and ninety-nine dollars and twenty-five cents levied for the J. W. Bond Co. for goods sold and delivered to said commissioners; that said Fisher did not pay said sum of money to said Bond & Co. nor to their assignee, Adrian Posey, the equitable plaintiff, as he was required to do by the order of the said commissioners and by the transcript from the assessment book delivered to him as required by law.

The defendant pleaded three pleas, the first and second being substantially pleas of payment, and the third, an equi-

table plea, to which the plaintiff demurred. This demurrer was overruled—and the trial having resulted in a judgment in favor of the defendant, the plaintiff has appealed.

The controlling, and indeed the only question, which this record presents arises under the demurrer, for the one exception taken to the rulings on the testimony was abandoned at the hearing in this Court, and the same proposition is involved both in the demurrer and the rulings upon the prayers. In other words, if the equitable plea is a good defense it is not material to consider the proposition involved in the rejected prayers of the plaintiff.

We will proceed, therefore, to consider the defense set up by the defendant in its third plea—and in order to do so it will be necessary to rehearse the facts on which it is based. These are so far as is necessary to state them for the present purpose, that Fisher was first duly appointed Tax Collector in 1898, duly qualified and gave bond as such with the equitable plaintiff and others as sureties, the defendant company not being one of such sureties; that upon the re-appointment of Fisher in 1899, the defendant became his sole surety upon the recommendation of the equitable plaintiff *who was then the agent of the defendant* and who certified to the defendant in writing that he had known Fisher for fifteen years and that he was one of the most honest and upright citizens of Charles County and well known for his sobriety, carefullness and honesty; that at the time the equitable plaintiff had so certified to the defendant, the said Fisher had defaulted and failed to pay over certain taxes collected by him for the year 1898; that at the time the defendant company became surety for said Fisher he was, as Collector of Taxes for 1898, answerable for the sum of $700 to the equitable plaintiff on the levy of 1898; that the said sum of $700 due and payable by said Fisher out of collections of taxes for 1898, was settled in full before the institution of this suit by credits and payments out of taxes of the levy of 1899 which were due by the equitable plaintiff and others and which were wrongfully applied by him to the payment of his aforesaid account and claim of the previous year;

that the amount thus wrongfully taken by the plaintiff from the levy of 1899 to pay his claim against the levy of 1898 was much greater than the amount of the claim sued for in this suit, the equitable plaintiff well knowing at the time he so wrongfully applied said installments of taxes of 1899 to the payment of his claim of 1898 that they were taxes of the 1899 levy and levied for other purposes than for the payment of his claim of the year 1898; and that the taxes of 1899 could be used only for the payment of claims levied for in that year. The same or substantially the same facts are set forth somewhat more briefly in the defendants prayer which was granted. It seems to us that the mere statement of this case as it is stated in the equitable plea and the granted prayer of defendant, the facts which are therein set forth having been found by the jury, is sufficient to demonstrate the correctness of the rulings of the trial Court on the demurrer and the prayer. The proposition involved in and maintained by this ruling is that the equitable plaintiff having been the agent of the defendant for the purpose of ascertaining the standing and character of Fisher, and having been one of his sureties as Tax Collector for 1898, and knowing that he was in default for that year, and holding a large claim against him which if legally and rightfully paid at all must be paid out of the levy of 1898, ought not in equity and good conscience, to be allowed, to appropriate taxes of 1899 knowing them to be such to the payment of a claim levied for in 1898, and thus not only relieve his liability as surety on the bond of 1898, but at the same time liquidate a claim which was confessedly not included in the levy of 1899.   Not only so, but while the equitable plaintiff was by this wrongful appropriation of the taxes of 1899 thus doubly benefiting himself, he was at the same time rendering the defendant, liable to a suit on its bond like the one now before us.   Fisher, the Tax Collector, would not be allowed thus to appropriate the taxes of 1898 to the payment of claims levied for in 1899.   *Frownfelter* v. *State*, 66 Md. 87; *Am. Bonding Co.* v. *Milwaukee Co.*, 91 Md. 742, 743. In the case first cited it is said :   "If the commissioners or the

treasurer knew that the money applied to taxes due for previous years had been collected on the levy of 1881, certainly they would have had no right to permit such application." Again "the obligation assumed by his sureties was that he should pay the money in discharge of the tax levied within the time required by law. If he paid it in discharge of previous taxes, it was as much a breach of his bond, as if he had retained it in his pocket." The fact is that in this case the equitable plaintiff knew and the plea demurred to so alleges, that the taxes appropriated by *him* to the payment of his claim levied for in 1898, were a part of the taxes levied and collected for 1899. Under these circumstances we think it clear that the rulings of the Court below which we have considered are free from error. Doubtless the equitable plaintiff was under the impression that he was justified from previous dealing with tax collectors in adopting the method he pursued in this case to secure payment of a just claim, but, as we have said, we think he was in error.

*Judgment affirmed with costs.*

(Decided March 22nd, 1904.)