## James T. Perkins, Trustee *vs.* Louis C. Dyer.

*Taxes—Collection—Statute of Limitations.*

Where county taxes have remained uncollected for four years from the date of their levy, a promise by the tax-payer to pay such taxes, made after the expiration of the four years, will take them out of the operation of section 83 of Article 81, of the Code, that provides that all county and city taxes shall be collected within four years after the same shall be levied, and, if not collected within that time, the parties from whom such taxes are demanded may plead the section in bar of any recovery of the same; and as they are made statutory liens, the collector has the right to enforce their payment by execution, and sale of the property.

Appeal from the Circuit Court for Prince George's County, in Equity.

This appeal was taken from the order of the Court below, (Brooke, J.,) overruling the motion to dissolve the injunction, previously granted, restraining the appellant from collecting the county taxes for the years 1878 to 1883, inclusive, due by the appellee as a delinquent tax-payer, and making such injunction perpetual. The bill was filed to restrain "James T. Perkins, trustee to complete the collection of taxes remaining uncollected by the late John G. Hall, collector of State and county taxes for Prince George's County," from selling certain real estate assessed in the name of Louis C. Dyer, under an advertisement of the same. The injunction was issued as prayed.

The cause was argued before Alvey, C. J., Stone, Miller, Robinson, and Bryan, J.

*Richard B. B. Chew,* for the appellant.

*George C. Merrick,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The main question in this case turns on the construction of section 83, of Article 81, of the Code, which provides that all county and city taxes shall be collected *within four years* after the same shall have been levied, and if not collected within that time, *the parties from whom such taxes are demanded may plead the* section in bar of any recovery of the same.

The taxes in controversy, have been levied and uncollected more than four years, and the question is whether a promise to pay them by the party from whom they are demanded takes such taxes out of the operation of the statute? The object of the statute, it is said was to enforce the speedy collection of taxes, and if the collector has neglected to collect them within the time prescribed, it would be against public policy to allow him to enforce their payment, even though the party from whom they are demanded may have admitted them to be due, and may have promised to pay the same. We cannot agree to this constrction of the Act. Taxes are levied *annually* to meet the *annual expenses* of the county and city governments, and if the object was to provide for their speedy collection, we can hardly suppose the Legislature would have extended the time of their collection to so long a period as four years. Nor do we see how the public is to be benefited, or any public policy subserved by denying the right to collect such taxes after the expiration of the time prescribed by the Act in cases where the tax-payer admits them to be due and has promised to pay them. And besides, the Legislature had by other Acts made ample provision for the collection of county and city taxes. It had provided that a copy of the annual assessment of such taxes should be delivered to the county and city collectors within *ten days* after the assessment; and that such collectors should, within six months after its receipt, collect and

pay to the county and city authorities all taxes thus
levied; and upon failure to do so their bonds were made
liable to suit, and the collectors themselves liable to
indictment and punishment. By these Acts full provision
was made for the speedy collection of such taxes.

Now prior to the Act of 1852, chap. 75, and the Act of
1874, chap.483, there was not, as we all know, any
statute of limitations applicable to the collection of
taxes, and the object of these Acts was to prescribe a time
within which county and city taxes should be collected,
and, unless collected within that time to allow the party
from whom they are demanded, the *privilege* of *pleading
the provisions of* the *Act in bar* of *their recovery.* These
Acts are nothing more or less, than statutes of limita-
tion applicable to the collection of county and city taxes,
and founded on the same reasons and policy as all other
statutes of limitations are founded, and must be con-
strued in accordance with the settled rules which gov-
ern the construction of such statutes. This being so, a
promise on the part of the tax-payer to pay such taxes,
made after the expiration of the time prescribed, must
be held to take them out of the operation of the statute.
And as these taxes are made statutory liens, the collec-
tor has the right, in such cases, to enforce their pay-
ment by execution and sale of the property.

The remaining question, whether there was such a
promise on the part of the appellee, is one about which
there can be no contention. Not only the appellant him-
self, but Edward E. Perkins, his agent and clerk, both of
whom are competent witnesses, testify that on different
times during the years 1886, 1887, and 1889, the appellee
repeatedly promised to pay these taxes, always begging
for a little more indulgence, promising to pay them first
out of one tobacco crop, and then the crop of another
year, and finally out of some insurance money which he
expected to get. These promises were made in the most

explicit terms, and after he had examined each of the tax bills separately. It is quite unnecessary to consider the exception to other proof on the part of the appellant tending to show a promise on the part of the appellee. We rest our conclusion on this point upon the testimony of the appellant, and of Perkins his clerk.

> *Order reversed, and*
> *bill dismissed.*