The President and Directors of Georgetown College *vs.* James T. Perkins, Trustee for the collection of Taxes.

*Taxes—Limitation—Subsequent promise.*

Section 83 of Article 81, provides that all taxes levied for county or city purposes shall be collected within four years after the

same shall have been levied ; and if the same shall not be collected "within four years, the parties from whom such taxes may be demanded may plead this section in bar of any recovery of the same." HELD :

That a subsequent promise by the tax-payer to pay such taxes will have the effect to remove the bar of the Statute as against his judgment creditor, who claims payment out of the balance of the proceeds of the sale of his land sold under a senior judgment.

APPEAL from the Circuit Court for Prince George's County.

This appeal was taken from an order of the Court below overruling a demurrer of the President and Directors of Georgetown College to certain reasons assigned by James T. Perkins, trustee for the collection of State and county taxes, in his exceptions to an auditor's account, and entering judgment on the demurrer, and ratifying certain auditor's accounts distributing the proceeds of the sale of the real estate of John B. Magruder, made by the sheriff under an execution. The President and Directors of Georgetown College were the assignees of two junior judgments against Magruder, on which there had been partial payments; but under the order of the Circuit Court they were excluded from all participation in the distribution of the proceeds of sale. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Charles H. Stanley,* for the appellants.

*Richard B. B. Chew,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The land of Magruder, the judgment debtor, was levied upon and sold by the sheriff under an execution

issued upon a senior judgment, and the money was brought into Court to be applied under the Court's direction. The land was seized on the 5th day of July, 1889, and was sold by the sheriff on the 19th of September, 1889. A large claim for taxes in arrear, both State and county, covering a period from 1876 to the time of the sale, was filed for allowance out of the proceeds of sale, by the officer authorized to collect the same, under section 64 of Article 81 of the Code, which provides thát "whenever a sale of either real or personal property shall be made by any ministerial officer, under judicial process or otherwise, *all sums* due and in arrear for taxes from the party whose property is sold, shall be first paid and satisfied." There was also filed a claim, for payment out of the proceeds of sale, of balances due on two junior judgments against the execution debtor; and the holders of these latter judgments interposed, by way of exception, the Statute of Limitation to the allowance of any part of the claim for taxes levied for county purposes, which had been levied more than four years previously. The provision of the statute is, that all taxes levied for county or city purposes shall be collected within four years after the same shall have been levied; and if the same shall not be collected "within four years, *the parties from whom such taxes may be demanded, may plead this section in bar of any recovery of the same.*" *Code, Art.* 81, *sec.* 83.

It is not insisted that the taxes claimed have been paid by the judgment debtor, but that they are subject to the bar of the Statute, and that judgment creditors are entitled to avail themselves of the statutory bar to defeat their recovery. But, without conceding that judgment creditors occupy any such position in respect to the property of the debtor as to entitle them to invoke the bar of the Statute, it is answered in this case, and the truth of the answer is conceded, that the judgment

debtor, the owner of the land, and from whom the taxes claimed were due and owing, had repeatedly, within the four years immediately preceding the time of the exception taken. promised the collector to pay all of said taxes, with interest, and the costs thereon. That, on the 8th of August, 1887, he made payment in part of the county taxes for 1876, and on that day, and frequently before and since, he admitted all of the taxes included in the statement filed to be due by him, and has frequently promised to pay the same. That, on the 11th of August, 1887, he signed a written agreement, authorizing the collector to sell one of the parcels of land seized and sold by the sheriff, for the express purpose of paying off all of said taxes, with interest, and the cost that had accrued thereon.

Whether a judgment creditor of a living debtor who may owe taxes, is a party from whom such taxes may be demanded, or are demandable, within the meaning of the statute, is a question that we need not decide in this case. A judgment creates a lien upon the land of the debtor, it is true, but such lien is not specific, and is not in strictness either a *jus in re*, or a *jus ad rem;* but derives its existence and operation simply because of the fact that the land is liable to be taken in satisfaction of the judgment, by virtue of the construction placed upon the old statute of Westm. 2 (13 Edw. I,) ch. 18, known as the statute of *Elegit*. *Miller vs. Allison*, 8 *Gill & John.*, 38; *Eschbach vs. Pitts*, 6 *Md.*, 71, 77. The recovery of a judgment in no way affects the ownership of the land, except as it may create a general incumbrance; the debtor remains the owner, and is the proper party against whom the taxes in respect to the lands owned by him are assessed, and who incurs a personal responsibility therefor. *The Mayor, &c. of Baltimore vs. Howard*, 6 *H. & J.*, 383.

The interest of a judgment creditor in the lands of his debtor, subject to the paramount lien for taxes in

arrear, is quite different from that of a mortgagee of the land. In the latter case the mortgage is not only a lien, but it is a transfer of the specific property itself, as security for the debt; and that was the nature of the case of *Perkins vs. Gaither,* 70 *Md.,* 134. Clearly, the judgment debtor in this case remained liable for the taxes as long as they were collectable by law; and if his repeated promises to pay had the effect to save them from the operation of the statutory bar, such taxes remained due and owing, with all their legal incidents, and enforceable in the manner provided by law, at the time of the levy upon and sale of the land of the debtor by the sheriff. It may certainly be conceded that, as against a *bona fide* purchaser or a mortgagee, a subsequent promise by the vendor or mortgagor to pay taxes barred by the Statute would not *be allowed to remove the bar. But a mere judgment creditor, with no title in the land, does not occupy any such position as that of purchaser or mortgagee.

In the recent case of *Perkins vs. Dyer,* 71 *Md.,* 423, on an application by a tax-payer for an injunction to restrain the collector from collecting taxes alleged to be barred by the Statute, and where the question arose as to the effect of subsequent promises to pay the taxes claimed, this Court said: "These acts are nothing more or less than statutes of limitation applicable to the collection of county and city taxes, and founded on the same reasons and policy as all other Statutes of Limitations are founded, and must be construed in accordance with the settled rules which govern the construction of such statutes. This being so, a promise on the part of the tax-payer to pay such taxes, made after the expiration of the time prescribed, must be held to take them out of the operation of the Statute." And as such promise has the effect to remove the bar of the Statute as against the tax-payer himself, it has the effect to remove

the bar as against the property of such tax-payer which may, afterwards be seized and sold on execution.

We shall, therefore affirm the order of the Court below, from which this appeal is taken.

*Order affirmed.*

